■ In the Matter of FRANCISCO SERRANO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [602 NYS2d 935] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the New York

City Housing Authority appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), dated July 9, 1991, which granted the application.

Ordered that the judgment is reversed, as a matter of discretion, with costs, and the application for leave to serve a late notice of claim is denied.

The petitioner alleges that on August 3, 1990, he was trapped in a malfunctioning elevator located within an apartment building owned and maintained by the respondent, the New York City Housing Authority. The petitioner was removed from the elevator by the New York City Fire Department, and, as a result of the incident, he alleges that he was caused to suffer severe emotional distress which precipitated a heart attack. Thereafter, the petitioner attempted to timely commence an action against the New York City Housing Authority by service of a notice of claim but, due to a typographical error, the notice of claim was served upon the New York City *Transit* Authority instead of the New York City *Housing* Authority. Approximately five weeks after the discovery of this error, and 45 days after expiration of the statutory 90-day period of limitations for service of a notice of claim, the petitioner moved for leave to serve a late notice of claim upon the New York City Housing Authority. Although the Supreme Court noted that mere law office failure is an inadequate excuse for failure to timely serve a notice of claim, it also found that, due to the appearance of the New York City Fire Department on the scene, the New York City Housing Authority "must have known" of the petitioner's "accident", and granted the petitioner's application. We now reverse.

General Municipal Law § 50-e (5) states that "[i]n determining whether to grant the extension, the court shall consider, *in particular,* whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within the time specified * * * or within a reasonable time thereafter. The court shall also consider * * * whether the claimant * * * made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation" (emphasis added).

Although the New York City Fire Department was present on the scene, we find that there is nothing in the record to suggest that the New York City Housing Authority acquired

actual knowledge of the facts constituting the petitioner's claim, prior to the time when the petitioner sought leave to serve a late notice. Indeed, the affidavit of the building manager states that the petitioner's tenant file contained "no information concerning an August 3, 1990, elevator accident involving [the petitioner]". The mere happening of the incident, and the appearance of the New York City Fire Department at the scene, does not compel the conclusion that the New York City Housing Authority received actual notice of the essential facts constituting the petitioner's claim *(see, Caselli v City of New York,* 105 AD2d 251; *Matter of Albanese v Village of Floral Park,* 128 AD2d 611; *Brown v New York City Tr. Auth.,* 172 AD2d 178).

Nor may the petitioner rely on the fact that a report was prepared by the New York City Fire Department in connection with the incident. This report made no mention of any defective condition regarding the elevator and, in any event, knowledge of an occurrence by a municipality's police or fire department cannot be imputed to a public or municipal corporation for notice of claim purposes *(see, Caselli v City of New York, supra; Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767; *White v City of New York,* 180 AD2d 324, *affd* 81 NY2d 955).

In addition, there is no question that the mistake in serving the notice of claim upon the New York City Transit Authority was the result of law office failure and not due to any "excusable error concerning the identity of the public corporation against which the claim should [have been] asserted" (General Municipal Law § 50-e [5]). Law office failure is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e *(see, Chattergoon v New York City Hous. Auth.,* 161 AD2d 141, *affd* 78 NY2d 958; *cf., Matter of Shelden v New York City Hous. Auth.,* 180 AD2d 551). Moreover, upon notification of the error, the petitioner failed to immediately move for leave to serve a late notice of claim.

Under all the relevant facts and circumstances, we find that the Supreme Court improvidently exercised its discretion in granting the petitioner leave to serve a late notice of claim. Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur.