■ ANNIE BURNS et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [624 NYS2d 30] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about September 21, 1993, which denied plaintiffs' motion for leave to file a late notice of claim, and order of said court and Justice, entered December 2, 1993, which denied plaintiffs' motion to, *inter alia,* renew, unanimously affirmed, without costs.

Plaintiff Annie Burns claims to have suffered injuries to her back and wrist as a result of being hurled against the side of a subway car due to the unexpected opening and closing of a subway door which was located between two subway cars. The IAS Court did not abuse its discretion in denying plaintiffs leave to file a late notice of claim, since plaintiff's affidavit relating her telephone conversation with "someone" in the claims processing unit of defendant wherein she gave her name, address, how the accident occurred and if she was hurt, submitted to establish actual knowledge on the part of defendant of the alleged injury within six days of the accident, did not provide sufficient facts connecting the occurrence with defendant's negligence *(see, Bullard v City of New York,* 118 AD2d 447, 450-451). In response to that telephone conversation, defendant sent plaintiff blank notice of claim forms with instructions to file them within 90 days of the occurrence.

Further, plaintiffs' inconsistent excuses for failing to timely file her claim until 44 days after the statutory 90-day period, such as law office failure and her failure to know the extent of her injuries, are unsatisfactory *(see, supra,* at 450; *Chattergoon v New York City Hous. Auth.,* 161 AD2d 141, 142, *affd* 78 NY2d 958; *Matter of Plantin v New York City Hous. Auth.,* 203 AD2d 579, 580). Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Williams, JJ.