■ In the Matter of Robin Rosenblatt, Respondent, et al., Petitioner, v City of New York, Appellant. [633 NYS2d 557] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), entered April 20, 1994, as granted the application on behalf of the petitioner Robin Rosenblatt.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and the application on behalf of the petitioner Robin Rosenblatt is denied.

On December 29, 1992, the petitioner Robin Rosenblatt allegedly sustained physical injuries when the automobile which

she was operating collided with a New York City sanitation truck in Queens. The instant application for leave to serve a late notice of claim was made on or about January 24, 1994. In support of the application, counsel for the petitioner submitted a two-page affirmation in which he conclusorily blamed an unelaborated "clerical error" for his failure to file a timely notice of claim. Counsel also averred that the City was not prejudiced by the delay since it had actual and constructive notice of the accident as a result of a report filed by the driver of the sanitation truck. The Supreme Court granted the application on behalf of the petitioner Robin Rosenblatt. We now reverse.

Inasmuch as the application for leave to serve a late notice of claim was made within one year and 90 days of the date on which the claim arose, the court possessed the discretion to entertain the application (see, General Municipal Law § 50-e [5]; Matter of Sanders v New York City Hous. Auth., 170 AD2d 607; cf., Carr v City of New York, 176 AD2d 779). However, the court improvidently exercised its discretion in this case. Counsel's vague and unelaborated reference to a "clerical error" was patently inadequate to constitute a reasonable excuse for the delay in filing the notice of claim (see, Seif v City of New York, 218 AD2d 595; Lamper v City of New York, 215 AD2d 484; Burns v New York City Tr. Auth., 213 AD2d 300; Matter of O'Mara v Town of Cortlandt, 210 AD2d 337; Chattergoon v New York City Hous. Auth., 161 AD2d 141, affd 78 NY2d 958; Matter of Sampson v Cazzari, 142 AD2d 681). Moreover, contrary to the court's erroneous conclusion, the petitioner did not establish that the City received timely notice of the claim. The so-called "report", which is more accurately described as an internal Department of Sanitation accident claim form, did not identify Robin Rosenblatt by name, did not mention that a vehicle other than a sanitation truck was involved, and wholly failed to describe any of the circumstances surrounding the accident (see, Seif v City of New York, supra). Clearly, the petitioner's reliance upon this "report" is misplaced as it did not provide the City with adequate notice upon which it could commence a prompt investigation into the accident. Accordingly, given the petitioner's patently inadequate showings, the court should have denied the application.

In light of our determination of the foregoing, we need not reach the City's arguments contesting the petitioner's choice of venue. Bracken, J. P., Miller, Altman and Florio, JJ., concur.