■ In the Matter of FRANCIS J. DEEGAN et al., Respondents, v CITY OF NEW YORK, Appellant. [643 NYS2d 596] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Richmond County (Amann, J.), dated December 9, 1994, which granted the petitioners' application.

Ordered that the order is reversed, as a matter of discretion, with costs, and the petition is dismissed.

The Supreme Court improvidently exercised its discretion in granting the petitioners' application for leave to serve a late notice of claim. The key factors to be considered in adjudicating a petition of this nature are: (1) whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see, General Municipal Law § 50-e [1] [a]; [5]; Matter of Sosa v City of New York, 206 AD2d 374, 375).

Under the circumstances of this case, the claim of law office failure by the petitioners' former attorney does not constitute a reasonable excuse for failing to timely serve a notice of claim (see, Matter of Serrano, 197 AD2d 694, 696). In addition, the police reports which had been compiled in the aftermath of the subject incident did not provide the City with actual notice of the essential facts constituting the petitioners' claim. These reports merely described the circumstances attendant to the incident and made no connection between the incident and the allegedly negligent conduct of the New York City Department of Environmental Protection (see, Fox v City of New York, 91 AD2d 624; see also, Matter of Zbryski v City of New York, 147 AD2d 705; Matter of Mallory v City of New York, 135 AD2d 636). There is no evidence rebutting the City's claim that it would suffer prejudice as the result of the petitioners' approximately 10-month delay in filing the notice of claim. The mere fact that police reports had been made in the aftermath of the incident did not obviate the City's need to conduct a timely investigation. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.