■ STEPHEN CRUZ, an Infant, by Her Parent and Natural Guardian, EMILY CRUZ, et al., Respondents, v CITY OF YONKERS et al., Appellants. [702 NYS2d 356] —In an action to recover damages, *inter alia*, for sexual abuse, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered January 20, 1999, as denied that branch of their motion pursuant to CPLR 3211 (a) (5), which was to dismiss the complaint insofar as asserted by the infant plaintiff Stephen Cruz, and granted that branch of the plaintiffs' cross motion which was for leave to serve a late notice of claim on behalf of the plaintiff Stephen Cruz.

Ordered that the order is affirmed insofar as appealed from, with costs.

The five-year-old infant plaintiff was allegedly abused at school by a sixth-grade student in January or February 1995. It was not discovered by the infant's mother until he disclosed it on March 13, 1995. She promptly reported it to school authorities and the Yonkers Police Department on March 15, 1995. On June 9, 1995, the plaintiffs served a notice of claim upon the defendants. The defendants moved to dismiss the complaint for failure to serve a timely notice of claim and the plaintiffs cross-moved for leave to serve a late notice of claim.

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in granting the infant plaintiff leave to serve a late notice of claim (*see,* General Municipal Law § 50-e [5]). In granting leave, the Supreme Court properly factored in the age of the infant plaintiff, the physical threats made to him by the alleged perpetrator, and the lack of substantial prejudice to the defendants due to their actual knowledge of the essential elements of the incident shortly after its alleged occurrence (*see, Matter of Presley v City of New York,* 254 AD2d 490). Accordingly, the Supreme Court order is affirmed. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.