■ In the Matter of TAUCHA KING, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Respondent. [711 NYS2d 33] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Queens County (Berke, J.), dated June 18, 1999, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The Supreme Court improvidently exercised its discretion in

granting the petition for leave to serve a late notice of claim. The key factors to be considered on such an application are (1) whether the petitioner has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see, General Municipal Law § 50-e [1] [a]; [5]; *Matter of DiBella v City of New York*, 234 AD2d 366; *Matter of Deegan v City of New York*, 227 AD2d 620; *Matter of Rosenblatt v City of New York*, 221 AD2d 448).

Counsel claims that it only recently noted that the building in which the petitioner lived and was injured was owned by the New York City Housing Authority and that the initial draft of the notice of claim had been misplaced. However, law office failure does not constitute a reasonable excuse for failing to timely serve a notice of claim (see, *Matter of Deegan v City of New York, supra*; *Matter of Rosenblatt v City of New York, supra*; *Seif v City of New York*, 218 AD2d 595; *Matter of Serrano v New York City Hous. Auth.*, 197 AD2d 694). The petitioner also failed to demonstrate that the appellant acquired actual knowledge of the claim within the statutory 90-day period (General Municipal Law § 50-e [1] [a]). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.