■ In the Matter of Karen Kittredge, Appellant, v New York City Housing Authority, Respondent. [713 NYS2d 219] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Mason, J.), dated September 15, 1999, which denied the application.

Ordered that the order is affirmed, with costs.

The petitioner alleges that on December 3, 1998, she was caused to slip and fall due to a defective interior ramp at premises owned by the respondent. The respondent was not apprised of the accident until August 1999.

The Supreme Court, in its discretion, may grant an application for leave to serve a late notice of claim (*see,* General Municipal Law § 50-e [5]). The key factors which the court must consider are whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in maintaining a defense on the merits (*see, Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408).

The delay in serving the notice of claim in this case was the result of law office failure which is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e (*see, Matter of Serrano v New York City Hous. Auth.,* 197 AD2d 694). Also, contrary to the petitioner's contention, the respondent did not have actual knowledge of the essential facts constituting the claim within the appropriate time period (*see, Matter of Guiliano v Town of Oyster Bay,*

*supra*). Under the circumstances of this case, the petitioner did not establish that the delay in serving the notice of claim would not substantially prejudice the respondent in maintaining a defense on the merits.

Accordingly, the court providently exercised its discretion in denying the petitioner's application. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.