■ In the Matter of ROBERT CLARK, Appellant, v CITY OF NEW YORK et al., Respondents. [739 NYS2d 624] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated February 14, 2001, which denied the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court, in its discretion, may grant an application for leave to serve a late notice of claim (*see* General Municipal Law § 50-e [5]). The key factors which the court must consider are whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether

the municipality or agency acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense (*see* General Municipal Law § 50-e [1]; *Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408; *Carbone v Town of Brookhaven,* 176 AD2d 778).

The delay in serving the notice of claim in this case was the result of law office failure, which is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e (*see Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746). Furthermore, the petitioner does not allege that the respondents possessed actual knowledge of the facts constituting the claim within the 90-day period after the claim arose (*see Benzinger v Town of Brookhaven,* 288 AD2d 412). Under the circumstances of this case, the respondents would be prejudiced in their defense by the approximately six-month delay between the time the claim arose and the time the petitioner commenced the proceeding for leave to serve a late notice of claim (*see Gillum v County of Nassau,* 284 AD2d 533, 534; *Yearusskaya v New York City Tr. Auth.,* 279 AD2d 583).

Accordingly, the Supreme Court providently exercised its discretion in denying the petitioner's application. Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.