■ In the Matter of YSEULT LORSEILLE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [744 NYS2d 880] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated May 14, 2001, which denied her application.

Ordered that the order is affirmed, with costs.

The key factors to be considered in deciding an application for leave to serve a late notice of claim under the circumstances of this case are whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Lyerly v City of New York,* 283 AD2d 647; *Cresci v New York City Indus. Dev. Agency,* 279 AD2d 497; *Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746; *Matter of Bollerman v New York City School Constr. Auth.,* 247 AD2d 469; *Matter of James v City of New York,* 242 AD2d 630).

The respondent did not have actual knowledge of the essential facts constituting the claim within the appropriate time period, and the petitioner has failed to demonstrate a reasonable excuse for the delay in serving a timely notice of claim (*see Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408; *Matter of Serrano v New York City Hous. Auth.,* 197 AD2d 694). Furthermore, the petitioner did not establish that the two-month delay after the expiration of the 90-day period would not substantially prejudice the respondent in maintaining a defense on the merits (*see Johnson v Katonah-Lewisboro School Dist.,* 285 AD2d 490, 491; *Matter of Yearusskaya v New York City Tr. Auth.,* 279 AD2d 583). Altman, J.P., Feuerstein, Friedmann, Schmidt and Townes, JJ., concur.