■ In the Matter of PIERRE VALESTIL, Appellant, v CITY OF NEW YORK, Respondent. [744 NYS2d 701] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated February 1, 2001, which denied his application.

Ordered that the order is affirmed, with costs.

It is well settled that the determination as to whether to grant leave to serve a late notice of claim lies within the sound discretion of the Supreme Court (*see generally Matter of Chmielewski v City of New York,* 61 NY2d 1010; *see also Matter of Luciano v Gallagher,* 290 AD2d 557; *Matter of Gruber v City of New York,* 156 AD2d 450). The key factors which the Supreme Court must consider are whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense (*see* General Municipal Law § 50-e [5]; *Matter of Konstantinides v City of New York,* 278 AD2d 235; *Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746).

The delay in serving the notice of claim in this case was the result of law office failure, which is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e (5) (*see Matter of Clark v City of New York,* 292 AD2d 605; *Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746; *Matter of Deegan v City of New York,* 227 AD2d 620). Furthermore, the petitioner's contention that the respondent had actual knowledge of the facts essential to the claim within the 90-day period after the claim arose is unsupported by the record (*see Matter of Kittredge v New York City Hous. Auth., supra* at 746; *Caparco v Town of Brookhaven,* 133 AD2d 803, 804). Under the circumstances of this case, the respondent would be prejudiced in its defense by the delay between the time that the claim arose and the time the petitioner commenced the proceeding for leave to serve a late notice of claim (*see Matter of Konstantinides v City of New York, supra*; *Pollicino v New York City Tr. Auth.,* 225 AD2d 750; *Caselli v City of New York,* 105 AD2d 251, 253).

Accordingly, the Supreme Court providently exercised its discretion in denying the petitioner's application. Santucci, J.P., Smith, Krausman, H. Miller and Adams, JJ., concur.