■ In the Matter of JOHN A. BAGLIVI, Appellant, v TOWN OF SOUTHOLD, Respondent. [754 NYS2d 43] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered October 15, 2002, which denied the petition and dismissed the proceeding. The petitioner's notice of appeal from a decision of the same court, dated January 28, 2002, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

In deciding a petition for leave to serve a late notice of claim, the Supreme Court must consider whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in maintaining a defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Guiliano v Town of*

*Oyster Bay,* 244 AD2d 408). Here, the delay in serving the notice of claim was the result of law office failure, which is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e (*see Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746; *Matter of Serrano v New York City Hous. Auth.,* 197 AD2d 694). Also, contrary to the petitioner's contention, the respondent did not have actual knowledge of the essential facts constituting the claim within the appropriate time period (*see Matter of Kittredge v New York City Hous. Auth., supra*).

The petitioner's contention that his prior notice of claim for harassment was sufficient to impart knowledge of his claim for malicious prosecution is without merit. "A prior notice of claim, even if it could be construed to give notice of a theory of recovery based on malicious prosecution would be insufficient to satisfy the requirements of section 50-e" (*Hines v City of Buffalo,* 79 AD2d 218, 225; *see Colena v City of New York,* 68 AD2d 898, 900). There is no indication in the petitioner's prior notice of claim that he intended to assert a malicious prosecution claim. Assuming that the notice of claim for harassment could be so broadly interpreted as to assert a claim for malicious prosecution against the respondent, this claim too must fail since the notice of claim was served before the underlying criminal prosecution was terminated, and, therefore, before the claim arose (*see Colena v City of New York, supra* at 900; *Doundoulakis v Town of Hempstead,* 42 NY2d 440, 452). Under the circumstances of this case, the petitioner did not establish that the delay in serving the notice of claim would not substantially prejudice the respondent in maintaining a defense on the merits (*see Kittredge v New York City Hous. Auth., supra*). Accordingly, the Supreme Court providently exercised its discretion in denying the petition. Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.