■ In the Matter of ANTHONY LODATI, Appellant, v CITY OF NEW YORK et al., Respondents. [755 NYS2d 853] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (LaTorella, J.), dated December 14, 2001, which denied the petition.

Ordered that the order is affirmed, with costs.

It is well settled that the determination as to whether to

grant leave to serve a late notice of claim lies within the sound discretion of the Supreme Court (*see* General Municipal Law § 50-e [5]). The key factors which the court must consider are whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense (*see Matter of Valestil v City of New York,* 295 AD2d 619 [2002], *lv denied* 98 NY2d 615 [2002]; *Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746 [2000]). The petitioner's excuse for failing to serve a timely notice of claim, that he was unaware of the severity of his right shoulder injury until approximately six months after the accident, is unacceptable without supporting medical evidence explaining why the injury took so long to become apparent and be diagnosed (*see Matter of Eaddy v County of Nassau,* 282 AD2d 675 [2001]; *Lefkowitz v City of New York,* 272 AD2d 56 [2000]). Nor was admissible medical support proffered to verify that another six-month delay was due to mental incapacity (*see Giordano v New York City Hous. Auth.,* 128 AD2d 671 [1987]; *cf. Barnes v County of Onondaga,* 65 NY2d 664 [1985]).

The petitioner's contention that the respondents had actual knowledge of the facts essential to the claim within the 90-day period after the claim arose is unsupported by the record (*see Matter of Valestil v City of New York, supra*). Under the circumstances of this case, the respondents would be prejudiced in their defense by the delay between the time the claim arose and the time the petitioner commenced the proceeding for leave to serve a late notice of claim (*see Matter of Kittredge v New York City Hous. Auth., supra; Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408 [1997]).

Accordingly, the Supreme Court providently exercised its discretion in denying the petitioner's application. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.