■ In the Matter of IRENA BELENKY, Appellant, v NASSAU COMMUNITY COLLEGE et al., Respondents. [771 NYS2d 379]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Nassau County (Skelos, J.), dated November 4, 2002, which denied the application.

Ordered that the order is affirmed, with costs.

The petitioner alleges that on September 25, 2001, she was caused to trip and fall due to a hazardous condition on premises operated by the respondent Nassau Community College and owned by the respondent Nassau County. The County, however, was not apprised of the accident until September 2002.

A court, in its discretion, may grant leave to serve a late notice of claim (see General Municipal Law § 50-e [5]). The key factors which the court must consider are whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation (see Matter of Cotten v County of Nassau, 307 AD2d 965 [2003], lv denied 1 NY3d 502 [2003]; Matter of Kittredge v New York City Hous. Auth., 275 AD2d 746 [2000]).

The delay in serving the notice of claim in this case was the result of law office failure, which is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e (see Matter of Kittredge v New York City Hous. Auth., supra). Furthermore, there is no support in the record for the petitioner's contention that the County acquired actual knowledge of the essential facts constituting the claim within the appropriate time period (see Matter of Kittredge v New York City Hous. Auth., supra). Under the circumstances of this case, the petitioner did not establish that the delay in serving the notice of claim would not substantially prejudice the County in maintaining a defense on the merits. Prudenti, P.J., H. Miller, Schmidt and Cozier, JJ., concur.