■ In the Matter of JOHNNIE HICKS et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Respondents. MARY A. ZADRONZNY, Nonparty Appellant. [778 NYS2d 725]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim, the petitioners and nonparty Mary Ann Zadrozny separately appeal from so much an order of the Supreme Court, Kings County (Knipel, J.), dated July 10, 2003, as denied those branches of the petition which were for leave to serve late notices of claim against the respondents City of New York, New York City Health and Hospitals Corporation, and Kings County Hospital Center and denied that branch of the petitioners' separate motion which was to amend the caption.

Ordered that the order is affirmed insofar as appealed from, with costs.

To commence a tort action against a municipality, a claimant must serve a notice of claim within 90 days of the alleged injury (*see* General Municipal Law § 50-e [1] [a]). Pursuant to General Municipal Law § 50-e (5), the court may, in its discretion, extend the time to serve a notice of claim (*see Matter of Lodati v City of New York,* 303 AD2d 406 [2003]; *Matter of Allen,* 268 AD2d 520 [2000]). In determining whether to grant the claimant's application for leave to serve a late notice of claim, "[t]he key factors which the Supreme Court must consider are whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual

notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense" (*Matter of Valestil v City of New York*, 295 AD2d 619 [2002]; *see* General Municipal Law § 50-e [5]; *Matter of Kittredge v New York City Hous. Auth.*, 275 AD2d 746 [2000]). Contrary to the contention of the petitioners and the nonparty petitioner, under the circumstances of this case the Supreme Court providently exercised its discretion in denying those branches of the petition which were for leave to serve late notices of claim against the respondents City of New York, New York City Health and Hospitals Corporation, and Kings County Hospital Center.

The remaining contention of the petitioners and the nonparty petitioner is without merit. Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.