In the Matter of KIM ROLAND, Appellant, v NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [828 NYS2d 94]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the appeal is from an order of the Supreme Court, Nassau County (Woodard, J.), entered October 11, 2005, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is affirmed, with costs.

To commence a tort action against a municipality, a claimant must serve a notice of claim within 90 days of the alleged injury (*see* General Municipal Law § 50-e [1] [a]; *Williams v Nassau County Med. Ctr.,* 6 NY3d 531 [2006]). Pursuant to General Municipal Law § 50-e (5), the court may, in its discretion, extend the time to serve a notice of claim (*see Williams v Nassau County Med. Ctr., supra; Matter of Hicks v City of New York,* 8 AD3d 566 [2004]). In determining whether to permit service of a late notice of claim, the court must consider all relevant facts and circumstances, including whether (1) the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr., supra; Matter of Hicks v City of New York, supra* at 566-567).

Here, the petitioner's counsel claimed that when it was retained, approximately 28 days prior to the expiration of the 90-day period, it was uncertain of the respondent's involvement, as the details of the loss were not clearly explained and the address provided by the petitioner was incorrect. "The delay in serving the notice of claim in this case was the result of law office failure, which is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e" (*Matter of Belenky v Nassau Community Coll.,* 4 AD3d 422, 423 [2004]; *see Matter of Valestil v City of New York,* 295 AD2d 619 [2002]; *Matter of Clark v City of New York,* 292 AD2d 605, 606 [2002]; *Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746 [2000]; *Matter of King v New York City Hous. Auth.,* 274 AD2d 482 [2000]). Moreover, there is no support in the record for the petitioner's contention that the respondent acquired actual knowledge of the essential facts

constituting this claim within the appropriate time period (*see Matter of Belenky v Nassau Community Coll., supra; Kittredge v New York City Hous. Auth., supra*), or that the delay would not substantially prejudice the respondent in maintaining a defense on the merits (*see Matter of Belenky v Nassau Community College, supra; Matter of Gillum v County of Nassau*, 284 AD2d 533 [2001]). Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding. Adams, J.P., Ritter, Fisher and Covello, JJ., concur.