■ CHRISTINE HEBBARD et al., Respondents, v DAVID J. CARPENTER et al., Defendants, and TOWN OF BROOKHAVEN, Appellant. [830 NYS2d 270]—

In an action to recover damages for personal injuries, etc., the defendant Town of Brookhaven appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 29, 2005, as granted those branches of the motion of the plaintiff Christine Hebbard, as mother and natural guardian of Michael Jarvis, which were for leave to serve a late notice of claim upon it pursuant to General Municipal Law § 50-e and for leave to amend the complaint to add it as a party defendant.

Ordered that the order is reversed insofar as appealed from, on the facts and as a matter of discretion, with costs, and those branches of the motion of the plaintiff Christine Hebbard, as mother and natural guardian of Michael Jarvis, which were for leave to serve a late notice of claim upon the defendant Town of Brookhaven pursuant to General Municipal Law § 50-e and for leave to amend the complaint to add it as a party defendant, are denied.

On September 24, 2003, Michael Jarvis, then 16 years old, was walking with two friends alongside Mooney Pond Road (hereinafter the road) in Farmingville. Jarvis and his friends had been walking in an easterly direction on the sidewalk alongside the road for approximately five to ten seconds, when he stepped off the curb. Almost instantly, he was struck by a Suffolk County bus traveling in the road in the same direction that he was walking. At a hearing conducted pursuant to General Municipal Law § 50-h, Jarvis alleged that he stepped into the road "[s]o [he] could step around all the overgrown trees and stuff."

On or about June 21, 2004, Jarvis's mother, Christine Hebbard, on behalf of both Jarvis and herself (hereinafter the plaintiff), commenced the instant action against, among others, the County of Suffolk and the driver of the bus that struck Jarvis. On June 6, 2005, the defendants commenced a third-party action against the Town of Brookhaven for contribution and indemnification. Almost two years after the accident occurred, on or about August 16, 2005, the plaintiff moved for

leave to serve a late notice of claim on the Town, and for leave to amend the complaint to add the Town as a party defendant. The Supreme Court, inter alia, granted the plaintiff's motion for leave to serve a late notice of claim on the Town pursuant to General Municipal Law § 50-e and for leave to amend the complaint to add the Town as a party defendant, to the extent it was made in her capacity as Jarvis's mother and natural guardian.

The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion, made in her capacity as Jarvis's mother and natural guardian, which was for leave to serve a late notice of claim on the Town pursuant to General Municipal Law § 50-e. That section requires, in relevant part, that "[i]n determining whether to grant the extension, the court *shall consider, in particular, whether the public corporation* or its attorney or its insurance carrier *acquired actual knowledge* of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." (§ 50-e [5]; emphasis added.)

The plaintiff contends that she only became aware of the Town's alleged responsibility for the condition of the sidewalk adjacent to the accident site when the defendants commenced the third-party action against the Town. The plaintiff failed to offer any proof which would suggest that the Town "acquired actual knowledge of the essential facts constituting the claim within the [90-day statutory period] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]; *see Williams v Nassau County Med. Ctr.,* 6 NY3d 531 [2006]; *Matter of Carpenter v City of New York,* 30 AD3d 594 [2006]; *Matter of Shapiro v County of Nassau,* 208 AD2d 545 [1994]).

The plaintiff also failed to demonstrate a reasonable excuse for her failure to provide timely notice (*see Matter of Roland v Nassau County Dept. of Social Servs.,* 35 AD3d 477 [2006]; *Astree*

*v New York City Tr. Auth.*, 31 AD3d 589, 590 [2006]; *Matter of Belenky v Nassau Community Coll.*, 4 AD3d 422, 423 [2004]; *Matter of Valestil v City of New York*, 295 AD2d 619 [2002]; *Matter of Clark v City of New York*, 292 AD2d 605, 606 [2002]; *Matter of Kittredge v New York City Hous. Auth.*, 275 AD2d 746 [2000]; *Matter of King v New York City Hous. Auth.*, 274 AD2d 482 [2000]).

In light of the foregoing, it is unnecessary to reach the issue of prejudice to the Town (*see Matter of Carpenter v City of New York, supra* at 595-596).

The plaintiff's remaining contentions have been rendered academic in light of our determination. Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.