■ MARIE CATTERSON, Respondent, v SUFFOLK COUNTY DEPARTMENT OF HEALTH SERVICES et al., Appellants, et al., Defendant. [854 NYS2d 205]—

On February 9, 2006 Gary Feinberg, a physician's assistant employed by the defendant Suffolk County Department of Health Services, was arrested for fondling female prisoners under his care at the defendant Suffolk County Correctional Facility during a seven-month period in 2005. On November 30, 2006 one of those inmates, the plaintiff Marie Catterson, commenced the instant action against the defendants Suffolk County Department of Health Services, Suffolk County Correctional Facility, and Suffolk County Sheriff's Department (hereinafter the County defendants), to recover damages for personal injuries arising from, inter alia, negligent hiring and negligent supervision and against the defendant estate of Gary Feinberg, based on sexual abuse incidents committed against her between January 2005 and December 2005. In March 2006 Feinberg apparently had committed suicide.

Simultaneously with the filing of the summons and complaint on November 30, 2006 the plaintiff moved for leave to serve a late notice of claim upon the County of Suffolk. In opposition to the motion, the County defendants cross-moved to dismiss, as time-barred, the state common-law tort causes of action insofar as asserted against them. The Supreme Court granted the plaintiff leave to serve the notice of claim unconditionally, and denied the County defendants' cross motion. We modify.

In order to commence a tort action against a municipality, a claimant must serve a notice of claim within 90 days of the alleged injury (*see* General Municipal Law § 50-e [1] [a]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Forrest v Berlin Cent. School Dist.*, 29 AD3d 1230 [2006]). Pursuant to General Municipal Law § 50-e (5), the court may, in its discretion, extend the time to serve a notice of claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2d Dept 2008]; *Matter of Lodati v City of New York*, 303 AD2d 406 [2003]), after considering " 'whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts of the claim within 90 days

after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense' " (*Jordan v City of New York*, 41 AD3d 658, 659 [2007], quoting *Matter of Hicks v City of New York*, 8 AD3d 566 [2004]; *see Matter of Valestil v City of New York*, 295 AD2d 619 [2002]; *see also* General Municipal Law § 50-e [5]).

Neither the presence nor the absence of any one factor is determinative (*see Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006]; *Gibbs v City of New York*, 22 AD3d 717, 719 [2005]), and even the absence of a reasonable excuse is not necessarily fatal (*see Matter of March v Town of Wappinger*, 29 AD3d 998 [2006]; *Matter of Alvarenga v Finlay*, 225 AD2d 617 [1996]). However, courts have no power to authorize a late notice of claim for claims accruing prior to the one-year and 90-day statutory period for an individual incident (*see* General Municipal Law § 50-i [1] [c]; *Pierson v City of New York*, 56 NY2d 950, 954-956 [1982]; *Maxwell v City of New York*, 29 AD3d 540, 541 [2006]; *Small v New York City Tr. Auth.*, 14 AD3d 690, 691 [2005]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in concluding that the County defendants timely acquired actual knowledge of the essential facts underlying the plaintiff's claim and would not be prejudiced by late service (*see Jordan v City of New York*, 41 AD3d at 659; *Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 748 [2005]; *Cruz v City of Yonkers*, 268 AD2d 501 [2000]; *Matter of Hunt v County of Madison*, 261 AD2d 695, 696 [1999]). Within two months of the last incident of sexual abuse, several inmates, including the plaintiff, reported the alleged sexual abuse to the County defendants, who immediately conducted an investigation culminating in the filing of criminal charges against Feinberg (*see Matter of Besedina v New York City Tr. Auth.*, 47 AD3d 924 [2008]; *Matter of Hunt v County of Madison*, 261 AD2d at 696). In light of their investigation, the County defendants' conclusory assertions of prejudice, based solely on the plaintiff's delay in serving the notice of claim, are insufficient to warrant the denial of her motion for leave to serve a late notice of claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 539; *Gibbs v City of New York*, 22 AD3d at 720; *Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d at 748).

While the plaintiff failed to support her motion with a statement from either her treating psychiatrist or psychologist or other documentary evidence, she did provide some explanation for the delay, citing her homelessness, incarceration, and result-

ant depression. In any event, the absence of a reasonable excuse for the delay does not bar the court from granting leave to serve a late notice of claim under the extant circumstances (*see Matter of Rivera-Guallpa v County of Nassau*, 40 AD3d 1001, 1002 [2007], *lv denied* 9 NY3d 816 [2007]; *Matter of Vasquez v City of Newburgh*, 35 AD3d 621, 623-624 [2006]; *Gibbs v City of New York*, 22 AD3d at 720).

Although the Supreme Court providently granted the plaintiff's motion for leave to serve a late notice of claim, it should have limited the late notice of claim only to those claims not barred by the applicable statute of limitations (*see* CPLR 215 [1]; General Municipal Law § 50-i).

The Supreme Court erred in denying the County defendants' cross motion to the extent it sought to dismiss the state law causes of action insofar as premised upon acts committed by the defendants Suffolk County Department of Health Services and Suffolk County Correctional Facility prior to August 30, 2005, and state law causes of action premised upon acts committed by the defendant Suffolk County Sheriff's Department prior to November 30, 2005, since any of the plaintiff's claims arising from acts constituting state common-law torts that occurred prior thereto are time-barred (*see* CPLR 215 [1]; General Municipal Law § 50-i [1] [c]; *Grey v New York City Health & Hosps. Corp.*, 305 AD2d 458 [2003]; *Williams v Howe*, 297 AD2d 671 [2002]; *Pinna v Larys*, 284 AD2d 315, 316 [2001]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.