In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim upon the Rockville Centre Union Free School District, the appeal is from an order of the Supreme Court, Nassau County (Adams, J.), dated November 7, 2007, which granted the petition.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.
On March 30, 2007 the infant petitioner was running “laps around the track” during the course of a girls’ varsity lacrosse team practice at South Side High School in Rockville Centre, when she was “blind-sided by a flying discus.” She alleges that the discus was thrown by a member of the boys’ junior varsity lacrosse team, and she is seeking to impose liability upon the Rockville Centre Union Free School District (hereinafter the District) based, in essence, on a theory of inadequate supervision. The Supreme Court granted her petition for permission to serve a late notice of claim upon the District. We reverse.
In support of the petition, the infant petitioner failed to submit her own affidavit or other verified pleading, despite the fact that she would presumably have been able to offer informa *481 tion with respect to exactly when her coach, or some other employee of the high school or of the District, first became aware of the injury to her nose caused by the discus. Rather, she submitted only her attorney’s affirmation, in which the attorney made merely conclusory allegations to the effect that the District had been on notice of the March 30, 2007 incident “since it occurred.” Moreover, the petition was not supported by any other testimonial or documentary evidence establishing that the District obtained notice of the essential facts of the claim within 90 days of the accident or a reasonable time thereafter, and counsel’s uncorroborated assertions are no substitute for evidence (see e.g. Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). The “bare affirmation of [an] attorney . . . [is] without evidentiary value” (Feratovic v Lun Wah, Inc., 284 AD2d 368, 368 [2001]).
While we acknowledge that “[n] either the presence nor the absence of any one factor is determinative” (Catterson v Suffolk County Dept, of Health Servs., 49 AD3d 792, 794 [2008]) in determining a petition for leave to serve a late notice of claim, there is no proof here that, within the 90 day postaccident period or within a reasonable time thereafter, the District received any notice that the infant petitioner had been injured (see Matter of Kumar v City of New York, 52 AD3d 517 [2008]; cf. Matter of McLean v Valley Stream Union Free School Dist. 30, 48 AD3d 571 [2008]), much less that it had received notice of the “facts that underlie the legal theory ... on which liability is predicated in the notice of claim” (.Matter of Felice v Eastport/South Manor Cent. School Disk, 50 AD3d 138, 148 [2008]). After considering “all [the] relevant facts and circumstances” (General Municipal Law § 50-e [5]), including those specifically enumerated in the statute, we conclude that it was an improvident exercise of discretion for the Supreme Court to have granted the petition for permission to serve a late notice of claim. Florio, J.R, Angiolillo, McCarthy and Chambers, JJ., concur.