In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals (1) from an order of the Supreme Court, Suffolk County (Werner, J.), dated October 23, 2006, which denied the petition, and (2), as limited by his brief, from so much of an order of the same court (Farneti, J.), dated September 27, 2007, as, upon re-argument, adhered to the original determination.
Ordered that the appeal from the order dated October 23, 2006, is dismissed, as that order was superseded by the order *770 dated September 27, 2007, made upon reargument; and it is further,
Ordered that the order dated September 27, 2007, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the respondent-respondent.
To commence a tort action against a municipality, a claimant must serve a notice of claim within 90 days of the alleged injury (General Municipal Law § 50-e [1] [a]). Pursuant to General Municipal Law § 50-e (5), the court may, in its discretion, extend the time to serve a notice of claim (see Matter of Lodati v City of New York, 303 AD2d 406 [2003]; Matter of Allen, 268 AD2d 520 [2000]). In determining whether to grant an application for leave to serve a late notice of claim, “[t]he key factors which the Supreme Court must consider are whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense” (Matter of Valestil v City of New York, 295 AD2d 619 [2002]; see General Municipal Law § 50-e [5]; Matter of Hicks v City of New York, 8 AD3d 566 [2004]; Matter of Kittredge v New York City Hous. Auth., 275 AD2d 746 [2000]).
Neither the presence nor the absence of any one factor is determinative (see Matter of Dell'Italia v Long Is. R.R. Corp., 31 AD3d 758, 758-759 [2006]; Matter of Morris v County of Suffolk, 88 AD 2d 956 [1982], affd 58 NY2d 767 [1982]). However, whether the municipality received actual knowledge of the facts constituting the claim in a timely manner is seen as “a factor which should be accorded great weight” (Matter of Dell'Italia v Long Is. R.R. Corp., 31 AD3d at 759; see Matter of Alexander v Board of Educ. for Vil. of Mamaroneck, 18 AD3d 654 [2005]).
Here, the Supreme Court providently exercised its discretion in denying the petitioner’s application for leave to serve a late notice of claim. The Town of Babylon did not have any knowledge of the claim until the petitioner brought this proceeding six months after his motorcycle accident. The petitioner’s proffered excuse for the delay, his mistaken belief that the location of the highway where the accident occurred was within the jurisdiction of the County of Suffolk and the Village of Farming-dale, is unacceptable due to the unexplained additional 3x/2-month period of time which elapsed between the discovery of his error and the commencement of this proceeding (see Matter of Morris v County of Suffolk, 58 NY2d 767 [1982]; Pagan v New York City Hous. Auth., 175 AD2d 114 [1991]).
*771 Moreover, granting leave to serve a late notice of claim would result in prejudice to the Town since it was denied the opportunity to investigate whether the alleged dangerous condition was a cause of the accident, due to the passage of time and the possible changed conditions of the accident site (see Matter of Cattell v Town of Brookhaven, 21 AD3d 896 [2005]; Perre v Town of Poughkeepsie, 300 AD2d 379 [2002]).
Upon reargument, the court properly adhered to its original determination (see Columbo v Columbo, 50 AD3d 617 [2008]). Fisher, J.P., Balkin, McCarthy and Leventhal, JJ., concur.