■ KWAME BOAKYE-YIADOM, Appellant, v ROOSEVELT UNION FREE SCHOOL DISTRICT et al., Respondents. [871 NYS2d 314]

After the Supreme Court, by order dated April 18, 2007, granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), the plaintiff filed three separate motions. The first motion was denominated as one for leave to reargue, but in actuality, it was one for leave to renew and reargue his opposition to the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The second motion was for leave to serve a late notice of claim, or in the alternative, to deem the notice of claim dated November 3, 2006 timely served. The third motion was for leave to amend the complaint and replead. The Supreme Court denied all three motions.

The denial of a motion for leave to reargue is not appealable (see Lago v City of New York-Workers' Compensation Div., 56 AD3d 476 [2008]), and, therefore, the plaintiff's appeal from so much of the order as denied that branch of his motion which was for leave to reargue must be dismissed. In his motion, however, the plaintiff sought to raise new matter and, to that extent, his motion was, in fact, also one for leave to renew (see CPLR 2221 [e]). When a motion for leave to renew is grounded on new facts not presented on the prior motion, the movant must provide a reasonable justification for failing to present the new facts on the prior motion (see CPLR 2221 [e] [2], [3]; Lardo v Rivlab Transp. Corp., 46 AD3d 759 [2007]). Here, the court properly denied that branch of the plaintiff's motion which was, in effect, for leave to renew, as the plaintiff failed to provide a reasonable justification for not alleging the new facts, which

were known to him when he opposed the defendants' motion to dismiss the complaint, in his original opposition to the motion (*see Tricoche v Warner Amex Satellite Entertainment Co.*, 48 AD3d 671, 673 [2008]; *Lardo v Rivlab Transp. Corp.*, 46 AD3d at 759).

A claimant who has failed to serve a timely notice of claim may seek leave of the court to serve a late notice of claim so long as the statute of limitations has not run on the claim itself (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 143 [2008]). Here, the plaintiff's notice of claim was untimely (*see Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 928 [2008] [decided herewith]). Under the particular circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to serve a late notice of claim or, in the alternative, to deem the notice of claim dated November 3, 2006, timely served (*see Matter of Roland v Nassau County Dept. of Social Servs.*, 35 AD3d 477, 478 [2006]; *Matter of Belenky v Nassau Community Coll.*, 4 AD3d 422 [2004]).

Our determination that the Supreme Court did not improvidently exercise its discretion in denying the motion pertaining to the late notice of claim leads directly to our conclusion that the Supreme Court likewise did not improvidently exercise its discretion in denying the plaintiff's motion for leave to amend the complaint and replead. Although leave to replead or amend pleadings should be "freely given" (CPLR 3025 [b]; *see Janssen v Village of Rockville Ctr.*, — AD3d —, 2008 NY Slip Op 09962,*8 [2008]), a court should deny such a motion when the proposed amendment or repleading is palpably insufficient or patently without merit (*see Janssen v Village of Rockville Ctr.*, — AD3d —, 2008 NY Slip Op 09962, *8 [ 2008]; *Brooks v Robinson*, 56 AD3d 406 [2008]; *Scofield v DeGroodt*, 54 AD3d 1017 [2008]). Here, inasmuch as the plaintiff may not maintain causes of action for which he failed to serve a timely notice of claim (*see* Education Law § 3813 [1], [2]; General Municipal Law § 50-e [1]; *cf. Mezzacappa Bros., Inc. v City of New York*, 29 AD3d 494, 494-495 [2006]), the repleading of those causes of action, the amendment of the complaint with respect to them, or the addition of new claims similarly barred by the failure to timely serve a notice of claim, would be palpably insufficient. Thus, the plaintiff's motion for leave to amend the complaint and replead was properly denied.

The plaintiff's remaining contention is without merit. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.