■ In the Matter of JAMES SMITH, Respondent, v BALDWIN UNION FREE SCHOOL DISTRICT, Appellant. [881 NYS2d 488]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Nassau County (Phelan, J.), dated September 3, 2008, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.

Timely service of a notice of claim is a condition precedent to an action founded on tort and commenced against a school district (*see* Education Law § 3813 [2]; *Matter of Padovano v*

*Massapequa Union Free School Dist.,* 31 AD3d 563, 564 [2006]). In deciding whether to permit the service of a late notice of claim, the court "shall consider, in particular, whether [the school district] acquired actual knowledge of the essential facts constituting the claim" within 90 days after the claim arose or a reasonable time thereafter, and "shall also consider all other relevant facts and circumstances, including . . . whether the delay in serving the notice of claim substantially prejudiced [the school district] in maintaining its defense on the merits" (General Municipal Law § 50-e [5]; *see Matter of Padovano v Massapequa Union Free School Dist.,* 31 AD3d at 564; *Matter of Conroy v Smithtown Cent. School Dist.,* 3 AD3d 492, 493 [2004]; *Matter of Termini v Valley Stream Union Free School Dist. No. 13,* 2 AD3d 866 [2003]).

Here, the delay in serving the notice of claim was the result of law office failure, which is not a sufficient excuse (*see Matter of Baglivi v Town of Southold,* 301 AD2d 597, 598 [2003]; *Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746 [2000]; *Matter of King v New York City Hous. Auth.,* 274 AD2d 482, 483 [2000]). Additionally, the petitioner failed to establish that the appellant, Baldwin Union Free School District (hereinafter the School District), acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter. The petitioner's claim that a janitor employed by the School District was present at the time and place of the incident was insufficient to establish that the School District acquired actual timely knowledge of the essential facts constituting the claim (*see Matter of Bruzzese v City of New York,* 34 AD3d 577, 578 [2006]; *Matter of Pico v City of New York,* 8 AD3d 287, 288 [2004]; *Matter of Shapiro v County of Nassau,* 208 AD2d 545 [1994]). Finally, the petitioner failed to establish that the School District would not be substantially prejudiced in maintaining its defense on the merits as a result of the petitioner's 2½ month delay after the expiration of the 90-day period in moving for leave to serve a late notice of claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138, 152 [2008]; *Matter of Lorseille v New York City Hous. Auth.,* 295 AD2d 612 [2002]; *Matter of Sverdlin v City of New York,* 229 AD2d 544, 545 [1996]). Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.