In the Matter of KAMALDAI GOBARDHAN et al., Appellants, v CITY OF NEW YORK, Respondent. [882 NYS2d 692]—

In a proceeding pursuant to General Municipal Law § 50-e (5)

for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Flug, J.), dated March 6, 2008, which denied the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim under the relevant facts and circumstances of this case (*see* General Municipal Law § 50-e [5]). The City of New York did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (*see* General Municipal Law § 50-e [1], [5]). Contrary to the petitioners' contention, the mere filing of a police accident report with the New York City Department of Transportation did not constitute notice of the claim to the City (*see Ribeiro v Town of N. Hempstead,* 200 AD2d 730, 731 [1994]; *Matter of Dube v City of New York,* 158 AD2d 457, 458 [1990]; *Matter of Perry v City of New York,* 133 AD2d 692 [1987]; *Caselli v City of New York,* 105 AD2d 251, 256 [1984]). In addition, the petitioners failed to show that the delay in commencing this proceeding for more than 10 months after the accident will not substantially prejudice the City in maintaining its defense on the merits (*see Matter of Landa v City of New York,* 252 AD2d 525, 526 [1998]; *Ribeiro v Town of N. Hempstead,* 200 AD2d at 731; *Matter of Perry v City of New York,* 133 AD2d at 692).

Moreover, the only excuse proffered by the petitioners for attempting to serve an unauthorized late notice of claim five months after the expiration of the 90-day statutory period was law office failure, which is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e (*see Matter of Roland v Nassau County Dept. of Social Servs.,* 35 AD3d 477, 478 [2006]; *Matter of Belenky v Nassau Community Coll.,* 4 AD3d 422, 423 [2004]; *Matter of Valestil v City of New York,* 295 AD2d 619 [2002]). Furthermore, the petitioners failed to explain the additional lapse of $2^{1}/_{2}$ months between their attempt to serve the late notice of claim without the required court authorization and the commencement of the instant proceeding for leave to serve a late notice of claim (*see Matter of Camilleri v County of Suffolk,* 190 AD2d 669 [1993]; *Kravitz v County of Rockland,* 112 AD2d 352, 353 [1985], *affd* 67 NY2d 685 [1986]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.