*478 Order, Supreme Court, New York County (Michael D. Stall-man, J.), entered June 14, 2012, which denied petitioner’s motion for leave to file an untimely notice of claim, unanimously affirmed, without costs.
Petitioner’s application for leave to file a late notice of claim was properly denied. Respondent the City of New York is an out-of-possession landlord that does not have responsibility for the allegedly hazardous condition of the subway platform, and therefore, petitioner’s claim against it lacks merit (see Arteaga v City of New York, 101 AD3d 454, 454 [1st Dept 2012]). In addition, contrary to petitioner’s contention, law office failure does not constitute a reasonable excuse for failing to timely serve the notice of claim (see Matter of Santiago v New York City Tr. Auth., 85 AD3d 628, 628-629 [1st Dept 2011]).
Although the absence of a reasonable excuse does not compel denial of the motion (see Matter of Brennan v Metropolitan Transp. Auth., 110 AD3d 437 [1st Dept 2013]), petitioner also fails to demonstrate that respondents had actual knowledge of the essential facts constituting the claim within the statutory 90-day period or within a reasonable time thereafter (see id.; Gonzalez v City of New York, 92 AD3d 619 [1st Dept 2012]). Petitioner’s assertion that respondents’ employees observed his fall is speculative since he averred in his affidavit that no one came to his aid and he does not suggest that an employee acknowledged witnessing the accident (see e.g. Lemma v Off Track Betting Corp., 272 AD2d 669, 671 [3d Dept 2000]; Burns v New York City Tr. Auth., 213 AD2d 300, 300-301 [1st Dept 1995]).
Lastly, petitioner’s unsupported assertion that the condition which caused his accident has remained unchanged since his fall is insufficient to demonstrate the lack of any prejudice to NYCTA from his delay (see Matter of Santiago v New York City Tr. Auth., 85 AD3d 628, 628-629 [1st Dept 2011]). Concur— Gonzalez, PJ., Friedman, Sweeny, Moskowitz and Clark, JJ.