■ In the Matter of GUY CASTELLANO, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. [622 NYS2d 546] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 18, 1993, which denied the application.

Ordered that the order is reversed, in the exercise of discretion, with costs, and the application is granted.

The plaintiff was allegedly injured on the evening of September 26, 1992, when he tripped over a pipe protruding from a broken chain link fence in the courtyard of a housing project owned by the defendant New York City Housing Authority (hereinafter the Housing Authority). A Police Department accident report which included the relevant facts was prepared the following day. The report indicates that a copy was to be forwarded to the Housing Authority, which failed to provide any admissible evidence that it did not receive a copy.

The plaintiff consulted counsel on December 31, 1992, less than a week after the expiration of the 90-day period for filing a Notice of Claim *(see,* Public Housing Law § 157 [2]; General Municipal Law § 50-e [1] [a]), and shortly after learning that

his injuries would require surgery. The plaintiff served the Housing Authority with a Notice of Claim on January 8, 1993.

Under all of the circumstances, including the fact that the plaintiff moved swiftly after learning the true extent of his injuries, the minimal delay in serving the late notice of claim, and the lack of substantial prejudice to the Housing Authority, we conclude that the Supreme Court improvidently exercised its discretion in denying the plaintiff's application for leave to serve a late notice of claim (see, *Matter of Nayyar v Board of Educ.*, 169 AD2d 628; *Swensen v City of New York*, 126 AD2d 499). Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.