■ In the Matter of Kathleen Gaffney, Respondent, v Town of Hempstead et al., Appellants. [641 NYS2d 709] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an or-

der of the Supreme Court, Nassau County (Collins, J.), dated March 30, 1995, which granted the application.

Ordered that the order is reversed, on the law, with costs, the application is denied, and the proceeding is dismissed.

It is well settled that, when determining an application for leave to serve a late notice of claim, the court must consider all relevant factors, including whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation from maintaining its defense on the merits (*see,* General Municipal Law § 50-e [5]; *Matter of Morehead v Westchester County,* 222 AD2d 507; *Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818; *Matter of Townsend v New York City Hous. Auth.,* 194 AD2d 795).

Applying these factors to this case, we find that the Supreme Court improvidently exercised its discretion by granting the petitioner's application for leave to serve a late notice of claim. The petitioner's contention that she was unaware of the requirements of General Municipal Law § 50-e is not a reasonable excuse for her failure to serve a timely notice of claim (*see, Matter of Dockery v Department of Hous. Preservation & Dev.,* 223 AD2d 705; *Weber v County of Suffolk,* 208 AD2d 527; *Matter of Plantin v New York City Hous. Auth.,* 203 AD2d 579). Moreover, while the petitioner filed grievances against the respondent Town of Hempstead (hereinafter the Town) with respect to flexible hours, overtime, and vacation schedules, these grievances were insufficient to alert the Town to the nature of the petitioner's proposed claim, which is to recover damages for violations of her constitutional and civil rights (*see, Matter of Bischert v County of Westchester,* 212 AD2d 529; *Matter of Shapiro v County of Nassau,* 208 AD2d 545). Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.