■ In the Matter of EMILY MORALES, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [790 NYS2d 212]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated March 3, 2004, which granted the petitioner's motion for leave to reargue the petition and, upon reargument, in effect, vacated a prior order of the same court dated August 19, 2003, denying the petition, and granted the petition.

Ordered that the order is affirmed, with costs.

To commence a tort action against a municipality or public corporation, a claimant must serve a notice of claim within 90 days of the alleged injury (*see* General Municipal Law § 50-e [1] [a]). Pursuant to General Municipal Law § 50-e (5), the court may, in its discretion, extend the time to serve a notice of claim (*see Matter of Hicks v City of New York,* 8 AD3d 566 [2004]). In determining whether to permit service of a late notice of claim, the court must consider all relevant facts and circumstances, including whether (1) the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality or public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Hicks v City of New York, supra* at 566-567; *Matter of Fierro v City of New York,* 271 AD2d 608, 609 [2000]; *Matter of Gaffney v Town of Hempstead,* 226 AD2d 721, 722 [1996]).

Under the circumstances of this case, including the minimal delay in serving the notice of claim and the lack of substantial prejudice to the appellant, the Supreme Court providently exercised its discretion in granting the petitioner's motion for leave to reargue the petition (*see* CPLR 2221 [d]), and, upon reargument, in effect, granting the petition (*see Matter of Guarneri v Town of Oyster Bay,* 224 AD2d 695 [1996]; *Matter of Castellano v New York City Hous. Auth.,* 212 AD2d 606, 607 [1995]). Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.