■ In the Matter of JOHN P. MOLLOY, Respondent, v CITY OF NEW YORK et al., Appellants. [818 NYS2d 512]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the City of New York and the New York City Transit Authority appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated April 22, 2005, which granted the petition.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the petition which was for leave to serve a late notice of claim against the City of New York and substituting therefor a provision denying that

branch of the petition; as so modified, the order is affirmed, with one bill of costs payable by the petitioner to the City of New York, and one bill of costs payable by the New York City Transit Authority to the petitioner.

To commence a tort action against a municipality, a claimant must serve a notice of claim within 90 days of the alleged injury (*see* General Municipal Law § 50-e [1] [a]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]). Pursuant to General Municipal Law § 50-e (5), the court may, in its discretion, extend the time to serve a notice of claim (*see Williams v Nassau County Med. Ctr., supra; Matter of Hicks v City of New York*, 8 AD3d 566 [2004]). In determining whether to permit service of a late notice of claim, the court must consider all of the circumstances, including whether (1) the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Hicks v City of New York, supra* at 566-567; *Matter of Fierro v City of New York*, 271 AD2d 608, 609 [2000]; *Matter of Gaffney v Town of Hempstead*, 226 AD2d 721, 722 [1996]).

The petitioner correctly concedes that the City of New York is not a proper party and no longer challenges the right of the City of New York to relief on this appeal.

With respect to the New York City Transit Authority (hereinafter the Transit Authority), based upon the circumstances of this case, including the minimal delay in serving the notice of claim and the lack of substantial prejudice to the Transit Authority, the Supreme Court providently exercised its discretion in granting that branch of the petition (*see Matter of Morales v New York City Tr. Auth.*, 15 AD3d 580 [2005]; *Matter of Cox v City of Peekskill*, 297 AD2d 735, 736 [2002]; *Matter of Castellano v New York City Hous. Auth.*, 212 AD2d 606 [1995]; *Matter of Irizarry v City of Yonkers*, 193 AD2d 746 [1993]; *Rosenblatt v City of New York*, 160 AD2d 927, 928 [1990]). Adams, J.P., Goldstein, Luciano and Spolzino, JJ., concur.