■ In the Matter of LEANZA MCLEAN et al., Respondents, v VALLEY STREAM UNION FREE SCHOOL DISTRICT 30, Appellant, et al., Respondent. [852 NYS2d 227]—

In a proceeding pursuant to General Municipal Law § 50-e (5), for leave to serve a late notice of claim, Valley Stream Union Free School District 30 appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated October 25, 2006, which granted the petition.

Ordered that the order is affirmed, with costs.

The petitioners commenced this proceeding for leave to serve a late notice of claim in connection with injuries that the infant petitioner allegedly sustained as the result of an accident in her gym class on January 23, 2006 when she fell off a balance beam. The infant petitioner went to the nurse's office after the fall, and on the following day her mother called the school and spoke to staff members about the accident and the infant petitioner's injuries, and a student incident report was prepared. The petitioners' attorney sent a claim letter dated February 21, 2006 to the school advising that the attorney represented the infant petitioner "for injuries sustained" at the school.

On March 28, 2006 the petitioners' attorney timely served a notice of claim upon the wrong municipal entity. The instant proceeding for leave to serve a late notice of claim upon the Valley Stream Union Free School District 30 (hereinafter the school district) was commenced by order to show cause dated June 26, 2006. The Supreme Court granted the petition and the school district appeals. We affirm.

"The determination of an application for leave to serve a late

notice of claim is left to the sound discretion of the court" (*Matter of Vasquez v City of Newburgh,* 35 AD3d 621, 623 [2006]). Various factors are to be considered on an application for leave to serve a late notice of claim, including (1) whether the claimant is an infant, (2) whether the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) whether the public corporation acquired actual notice of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) whether the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.,* 13 AD3d 363, 364 [2004] *affd* 6 NY3d 531 [2006]).

An error in serving the wrong governmental entity with a notice of claim may be excused if remedied promptly after discovery of the mistake (*see Bovich v East Meadow Pub. Lib.,* 16 AD3d 11 [2005]; *Matter of Flynn v Town of Oyster Bay,* 256 AD2d 341 [1998]; *Matter of Farrell v City of New York,* 191 AD2d 698 [1993]). In this case the petitioners' attorney promptly commenced this proceeding after recognizing that the wrong entity had been served. Moreover, the school district was on notice of the essential facts of the claim based upon the student incident report prepared the day after the accident, which indicated that other students were assisting (i.e., supervising) the activity, and the mother's immediate interaction with school officials (*cf. Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138 [2008]). The school district was also on notice that the infant petitioner intended to make a claim for the injuries she sustained, one month after the accident, by virtue of the letter her attorney sent to the school (*see Matter of March v Town of Wappinger,* 29 AD3d 998 [2006]). Finally, the school district's claim of prejudice is unpersuasive (*see Matter of Sanna v Bethpage Pub. Schools Union Free School Dist. 21,* 193 AD2d 606 [1993]). Under the particular facts of this case we cannot conclude that the Supreme Court improvidently exercised its discretion in granting the petition based on its finding that the school district had notice of the claim and in granting the petition (*see Matter of Finneran v City of New York,* 228 AD2d 596 [1996]). Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.