■ In the Matter of BRANDON WIMBERLY et al., Respondents, v SOUTHERN WESTCHESTER BOCES (BOARD OF COOPERATIVE EDUCATIONAL SERVICES), Appellant. [858 NYS2d 271]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, Southern Westchester BOCES (Board of Cooperative Educational Services) appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered July 31, 2007, which granted the petition.

Ordered that the order is affirmed, with costs.

The petitioners commenced this proceeding for leave to serve a late notice of claim in connection with injuries that the wheelchair bound, 17-year-old petitioner (hereinafter the injured petitioner), who has suffered from developmental disabilities from cerebral palsy since birth, allegedly sustained during physical therapy on November 21, 2005, in a program operated by Southern Westchester BOCES (Board of Cooperative Educational Services) (hereinafter BOCES). This program was conducted in the Isaac Young Middle School in the City of New Rochelle School District (hereinafter the District).

On February 10, 2006, the petitioners' attorney timely served a notice of claim upon the District, the wrong entity, and thereafter commenced a personal injury action against the District on behalf of the petitioners. On October 26, 2006, the District moved to dismiss the complaint in the personal injury action on the ground that it was not a proper party to the action. On November 8, 2006, only 13 days after the District made its motion, and less than 11 months after the incident complained of, the petitioners commenced the instant proceeding for leave to serve a late notice of claim upon BOCES. The Supreme Court granted the petition and we affirm.

An error in serving the wrong governmental entity with a notice of claim may be excused if remedied promptly after discovery of the mistake (*see Matter of McLean v Valley Stream Union Free School Dist. 30*, 48 AD3d 571 [2008]; *Matter of Flynn v Town of Oyster Bay*, 256 AD2d 341 [1998]; *Matter of Farrell v City of New York*, 191 AD2d 698 [1993]).

In this case, the petitioners' attorney promptly commenced this proceeding after learning, through the District's motion in the personal injury action, that the wrong entity had been served with the notice of claim. Moreover, BOCES was on notice of the essential facts of the claim within 90 days of the claim or a reasonable time thereafter, as acknowledged by the admission of BOCES director Neil Manis, described in the District's motion to dismiss the complaint in the personal injury action, that he was aware of that action and that the petitioners were claiming that the injured petitioner was pushed incorrectly in his wheelchair or that his body was mishandled (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]).

As such, BOCES' claim of prejudice is unpersuasive (*see Matter of March v Town of Wappinger*, 29 AD3d 998 [2006]; *Gibbs v City of New York*, 22 AD3d 717 [2005]; *Matter of Johnson v City of New York*, 302 AD2d 463 [2003]). The petitioners demonstrated that, at the time this proceeding was commenced, witnesses to the alleged incident continued to be employed by BOCES. These witnesses were available for investigation and defense of the claim, which, in conjunction with the petitioners' proof that the director of BOCES had knowledge of the claim, satisfied the petitioners' initial burden of proof that BOCES would not be prejudiced by the granting of the petition. BOCES has not contradicted the assertion of lack of prejudice, except in general terms referring to the passage of time, which is unavailing in this instance in light of our finding that it had timely knowledge of the essential facts constituting the claim.

Under the facts of this case, we cannot conclude that the Supreme Court improvidently exercised its discretion in granting the petition (*see Matter of McLean v Valley Stream Union Free School Dist. 30*, 48 AD3d 571 [2008]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]; *Matter of Vasquez v City of Newburgh*, 35 AD3d 621 [2006]).

The parties' remaining contentions are without merit. Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.