In the Matter of HELEN GELISH, Appellant, v DIX HILLS WATER DISTRICT et al., Respondents. [872 NYS2d 486]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated February 7, 2008, which denied the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, the petition is granted, and the notice of claim is deemed served.

In determining whether to grant an application for leave to serve a late notice of claim, the key factors which the court must consider are whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a rea-

sonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense (*see* General Municipal Law § 50-e [5]; *Matter of Blair v Pleasantville Union Free School Dist.*, 52 AD3d 827 [2008]; *Matter of Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d 507, 508 [2008]; *Jordan v City of New York*, 41 AD3d 658, 659 [2007]). The presence or absence of any one factor is not necessarily determinative (*see Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734 [2008]; *Jordan v City of New York*, 41 AD3d at 659). However, whether the municipality timely acquired actual notice of the essential facts constituting the claim is a factor which is accorded great weight (*see Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d at 508; *Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006]).

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the petition for leave to serve a late notice of claim. Even if the letter sent by the petitioner's counsel to the respondent Dix Hills Water District within 90 days after the accident was insufficient to provide actual notice of the essential facts constituting the claim, the petitioner served her notice of claim less than one month after the expiration of the 90-day period. Thus, the respondents received actual notice of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day period (*see Bussey v City of New York*, 50 AD3d 938, 939 [2008]; *Matter of Urgiles v New York City School Constr. Auth.*, 283 AD2d 434 [2001]; *Matter of Harrison v New York City Hous. Auth.*, 188 AD2d 367 [1992]). Given the minimal delay in serving the notice of claim and the lack of substantial prejudice to the respondents, the Supreme Court should have granted the petition notwithstanding the lack of reasonable excuse (*see Matter of Molloy v City of New York*, 30 AD3d 603, 604 [2006]; *Matter of Morales v New York City Tr. Auth.*, 15 AD3d 580 [2005]; *Matter of Urgiles v New York City School Constr. Auth.*, 283 AD2d 434 [2001]; *Matter of Irizarry v City of Yonkers*, 193 AD2d 746 [1993]). Mastro, J.P., Fisher, Florio, Carni and Eng, JJ., concur. [*See* 19 Misc 3d 270.]