■ In the Matter of CYNTHIA GERSHANOW, Respondent, v TOWN OF CLARKSTOWN, Appellant. [931 NYS2d 131]—

The wheelchair-bound petitioner allegedly sustained injuries on October 28, 2010, when, after exiting a bus, she was struck by a vehicle as she attempted to cross East Eckerson Road in Rockland County. The petitioner subsequently commenced this proceeding for leave to serve a late notice of claim in connection with the accident. In January 2011, the petitioner's attorney timely served separate notices of claim upon the County of Rockland and upon the Town of Ramapo. The notice of claim against the Town of Ramapo alleged, inter alia, that the construction, maintenance, and locations of certain bus shelters and handicap ramps on East Eckerson Road were dangerous. On February 16, 2011, at her examination pursuant to General Municipal Law § 50-h, the petitioner discovered that the bus shelter and handicap ramp on the north side of East Eckerson Road were located in the Town of Clarkstown just a few feet

from its border with the Town of Ramapo, while the bus shelter and handicap ramp on the south side of East Eckerson Road were located in the Town of Ramapo. On February 25, 2011, the petitioner commenced this proceeding for leave to serve a late notice of claim upon the Town of Clarkstown.

In determining whether to grant an application for leave to serve a late notice of claim, the key factors which the court must consider are whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant was physically incapacitated, whether the claimant made an excusable error concerning the identity of the public corporation, and whether the delay would substantially prejudice the municipality in its defense (*see* General Municipal Law § 50-e [5]; *Matter of Ambrico v Lynbrook Union Free School Dist.*, 71 AD3d 762, 763 [2010]; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734 [2008]; *Jordan v City of New York*, 41 AD3d 658, 659 [2007]).

The petitioner's error in serving the wrong town with respect to the subject claim was excusable and remedied promptly after discovery of that mistake (*see* General Municipal Law § 50-e [5]; *Matter of Ruffino v City of New York*, 57 AD3d 550, 551 [2008]; *Matter of Wimberly v Southern Westchester BOCES [Board of Coop. Educ. Servs.]*, 51 AD3d 810, 811 [2008]; *Matter of McLean v Valley Stream Union Free School Dist. 30*, 48 AD3d 571, 572 [2008]; *Matter of Flynn v Town of Oyster Bay*, 256 AD2d 341 [1998]). Furthermore, the appellant received the petitioner's notice of claim one month after the expiration of the 90-day period. Thus, the appellant acquired actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day period (*see Matter of Ambrico v Lynbrook Union Free School Dist.*, 71 AD3d 762, 763 [2010]; *Matter of Gelish v Dix Hills Water Dist.*, 58 AD3d 841, 842 [2009]; *Matter of Harrison v New York City Hous. Auth.*, 188 AD2d 367 [1992]). Moreover, the petitioner demonstrated a lack of substantial prejudice to the appellant by the short delay (*see Matter of Gelish v Dix Hills Water Dist.*, 58 AD3d at 842; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152-153 [2008]; *Matter of Molloy v City of New York*, 30 AD3d 603, 604 [2006]). In addition, the locations of the bus shelter and handicap ramp were nontransitory and uninfluenced by the delay (*see Matter of Coplon v Town of Eastchester*, 82 AD3d 1095, 1096 [2011]; *Matter of Shapiro v County of Nassau,*

5 AD3d 690, 691 [2004]). Accordingly, the petition was properly granted.

The appellant's remaining contentions are without merit. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.