■ GRACE CIOFFI, Appellant, v TOWN OF HEMPSTEAD, Defendant, and TOWN OF HEMPSTEAD HOUSING AUTHORITY, Respondent. [989 NYS2d 874]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), dated February 6, 2013, as denied her motion for leave to serve a late notice of claim upon the defendant Town of Hempstead Housing Authority and granted that branch of the cross motion of the defendant Town of Hempstead Housing Authority which was to dismiss the complaint insofar as asserted against it for failure to satisfy a condition precedent, and (2) from an order of the same court dated April 22, 2013, which denied her motion for leave to reargue and renew her motion for leave to serve a late notice of claim upon the defendant Town of Hempstead Housing Authority and her opposition to that branch of the cross motion of the defendant Town of Hempstead Housing Authority which was to dismiss the complaint insofar as asserted against it for failure to satisfy a condition precedent.

Ordered that the appeal from so much of the order dated April 22, 2013, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 6, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 22, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant Town of Hempstead Housing Authority.

In determining whether to grant an application for leave to serve a late notice of claim, the key factors that the court must consider are whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the movant made an excusable error concerning the identity of the public corporation, whether the delay would

substantially prejudice the public corporation in its defense, and whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (*see* General Municipal Law § 50-e [5]; *Matter of Mitchell v Town of Greenburgh*, 96 AD3d 852 [2012]; *Matter of Gershanow v Town of Clarkstown*, 88 AD3d 879, 880 [2011]; *Matter of Fazio v County of Nassau*, 36 AD3d 807 [2007]).

Contrary to the plaintiff's contention, she failed to establish that the defendant Town of Hempstead Housing Authority (hereinafter the Housing Authority) acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791 [2014]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]; *Matter of Fazio v County of Nassau*, 36 AD3d 807 [2007]; *cf. Matter of Gershanow v Town of Clarkstown*, 88 AD3d at 880; *Gibbs v City of New York*, 22 AD3d 717, 719 [2005]).

Furthermore, the plaintiff failed to demonstrate a reasonable excuse for the nearly 15-month delay in seeking leave to serve a late notice of claim (*see Matter of Gobardhan v City of New York*, 64 AD3d 705, 706 [2009]; *cf. Matter of Fazio v County of Nassau*, 36 AD3d 807 [2007]).

Finally, the plaintiff failed to demonstrate that the Housing Authority would not be prejudiced by the delay in seeking leave to serve a late notice of claim (*see Matter of Mitchell v Town of Greenburgh*, 96 AD3d at 853; *cf. Matter of Sanchez v City of New York*, 116 AD3d 703 [2014]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 815 [2013]; *Matter of Billman v Town of Deerpark*, 73 AD3d 1039, 1040 [2010]).

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to serve a late notice of claim upon the Housing Authority. Further, as the plaintiff failed to satisfy a condition precedent, the Supreme Court properly granted that branch of the Housing Authority's cross motion which was to dismiss the complaint insofar as asserted against it on that ground.

Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was for leave to renew. The new facts would not change the court's prior determination and, in any event, she failed to give a reasonable justification for her failure to present those facts on her prior motion for leave to serve a late notice of claim (*see* CPLR 2221 [e]; *Young Soo Chi v Castelli*, 112 AD3d 816, 817 [2013]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.