OPINION OF THE COURT
Frank A. Sedita, III, J.
The principal question for the court is whether claimant will be permitted to file an exceptionally late notice of claim.
On May 25, 2015, claimant was a passenger on a three-wheeled motorcycle, commonly referred to as a “trike,” operated by her late husband, Russell Cockburn. While in the vicinity of Route 426 and State Line Road — which straddles the border between Mina, New York and Greenfield Township, Pennsylvania — Russell Cockburn lost control of the trike, went off the road and crashed into the side of a barn. His injuries were fatal. His wife, the claimant, suffered serious injuries, which required her hospitalization. The Pennsylvania State Police (PSP) responded to the accident scene that day and conducted a full investigation, which included taking measurements and photographs.
Claimant initially hired a Pennsylvania law firm to represent her legal interests. A copy of a police report was received by her attorneys on August 28, 2015. It lists “driver action” as the main factor in the accident and characterizes the driver action as “driving too fast for conditions.” The report also states the trike “lost control due to loose gravel,” and crashed on the Pennsylvania side of the border. Although a close inspection of the report’s accident diagram suggests the road defect might have been on the New York side of the border, the narrative as a whole indicates the accident occurred in Pennsylvania.
Claimant timely filed a notice of intent to pursue civil action (the Pennsylvania equivalent of a New York notice of claim) on October 1, 2015 and forwarded the police report to the Greenfield Township Municipal Authority. The Township’s insurance carrier responded with an email on October 14, 2015 and advised, “attached is a document that reflects that the roadways that your clients traveled, on which the alleged hazardous condition existed, are in located [sic] NY state.” The attached document appears to be the diagram from the police report with additional handwritten lines and notations de-marking the Pennsylvania and New York sides of the roadways. By letter dated December 8, 2015, claimant’s attorneys sent a so-called “right to know request” under Pennsylvania law to the PSP, which asked for “a complete copy of the reports, *1004 photographs and any supplemental documentation” regarding the accident.
During this time frame, Terri Singer, the daughter of Russell and Sheila Cockburn, was appointed as executor of her father’s estate. She retained a Buffalo, New York law firm to represent her legal interests. On January 12, 2016, Ms. Singer filed a notice of claim against the Town of Mina as the first step in a wrongful death lawsuit premised, in major part, upon the theory that her father’s death was caused by the negligence of the Town of Mina in creating and/or failing to remedy a defective condition, namely, loose gravel on the roadway.
Claimant’s attorneys received a correspondence from the PSP on January 14, 2016 denying their request for the more complete PSP file. Relevantly, the letter explained that such documents could not be produced without a judicial subpoena which, in turn, required the existence of a pending lawsuit. Apparently, claimant had not asked a court to issue such a subpoena and, in any event, decided to settle her personal injury lawsuit against the Pennsylvania municipality.
On February 17, 2016 and in furtherance of her notice of claim and wrongful death lawsuit against the Town of Mina, Ms. Singer brought a show cause order, resulting in the issuance of a March 7, 2016 judicial subpoena duces tecum. This subpoena compelled the PSP to produce their complete police report. It was provided to Ms. Singer’s attorneys on April 15, 2016. The more complete police report includes color photographs of the accident scene in general and the loose gravel in particular. It also appears to more definitively demonstrate that both the allegedly defective road condition, as well as the beginning of the accident, was in Mina, New York.
According to her sworn affidavit, claimant first learned of the Town of Mina’s “possible involvement” in mid-June of 2016. ■ She promptly requested the attorneys for Ms. Singer to represent her as well. They declined, purportedly citing a conflict of interest. Claimant then began a search for another Western New York attorney and retained her current lawyer on July 6, 2016. The instant litigation was commenced on August 8, 2016 by the filing of a show cause order, which seeks permission to file a late notice of claim. Claimant followed up with the filing of a summons and complaint on August 12, 2016 setting forth her causes of action and theories of tort liability.
General Municipal Law § 50-e (1) (a) requires a claimant to serve a notice of claim upon a municipal defendant within 90 *1005 days of the date that claim arose. General Municipal Law § 50-e (5) permits a court, in its discretion, to extend the time to serve a notice of claim beyond 90 days if the application is made within one year and 90 days (i.e., 455 days) from the date the claim arose (Matter of Abdul v City of New York, 131 AD3d 1165 [2015]). The instant application was made within one year and 90 days (442 days, to be precise) from the date of the accident. Accordingly, the court may consider whether to excuse the claimant’s 352-day delay in filing her notice of claim.
The purpose of a notice of claim is to allow the municipal defendant to make a prompt investigation of the facts and to preserve the relevant evidence. General Municipal Law § 50-e was not meant as a sword to cut down honest claims, but merely as a shield to protect municipalities against spurious ones. The statute should therefore be applied flexibly so as to balance two countervailing interests: on the one hand, protecting municipal defendants from stale or frivolous claims, and on the other hand, ensuring that a meritorious case is not dismissed for a ministerial error. (Person v New York City Hous. Auth., 129 AD3d 595 [2015]; Lomax v New York City Health & Hosps. Corp., 262 AD2d 2 [1999]). Stated another way, the court is called upon to balance two fundamental legal rights: that of an aggrieved party to her day in court in pursuit of a legitimate claim versus the right of the accused to have a full and meaningful opportunity to defend against the accusation.
In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter; whether the claimant made an excusable error concerning the identity of the municipality; whether the delay will substantially prejudice the municipality in its defense; and whether the claimant has demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see Kuterman v City of New York, 121 AD3d 646 [2014]; Matter of Murray v Village of Malverne, 118 AD3d 798 [2014]).
The party seeking permission to serve a late notice of claim has the burden of persuading the court that the above-noted factors are in her favor (see Matter of Mohamed v New York City, 139 AD3d 858, 859 [2016]; Matter of Lauray v City of New York, 62 AD3d 467 [2009]). However, the presence or absence of any one of the numerous relevant factors the court must *1006 consider is not determinative and the court is vested with broad discretion to grant or deny the application (Dalton v Akron Cent. Schools, 107 AD3d 1517, 1518 [2013]).
The failure of a law office to properly research where an accident occurred or its inability to confirm the location of an accident until it has received a police report are generally considered to be unsatisfactory excuses for filing a late notice of claim (see Matter of Placido v County of Orange, 112 AD3d 722 [2013]; Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon, 41 AD3d 404 [2007]). A municipality is also unfairly prejudiced when a late notice of claim and its underlying theory of liability are premised upon a transitory condition, like loose gravel on a roadway (see Matter of Crocco v Town of New Scotland, 307 AD2d 516 [2003]).
It has also been consistently held that an error in serving the wrong municipality is excusable if remedied promptly after discovery of that mistake (see Matter of Gershanow v Town of Clarkstown, 88 AD3d 879 [2011]; Matter of Wimberly v Southern Westchester BOCES [Board of Coop. Educ. Servs.], 51 AD3d 810 [2008]; Matter of McLean v Valley Stream Union Free School Dist. 30, 48 AD3d 571 [2008]). Moreover, it would be an improvident exercise of discretion for the court to deny a late notice of claim when the claimant demonstrates (1) she promptly commenced the proceeding after verifying the wrong entity had been served previously and (2) the scene was contemporaneously memorialized by photographs of the alleged defect and a thorough police investigation was performed (see Matter of Ruffino v City of New York, 57 AD3d 550 [2008]; Matter of Mounsey v City of New York, 68 AD3d 998 [2009]).
Claimant’s Pennsylvania attorneys, having filed a timely notice under Pennsylvania law, promptly requested the PSP to provide their complete police report once they were informed that the accident might have commenced in New York instead of Pennsylvania. The PSP denied the request. They were eventually compelled to produce the complete report (albeit in the context of another related lawsuit) by this court. Claimant then promptly took steps to retain a New York attorney to prosecute her interests once it was verified that the allegedly defective road condition was in Mina, New York. Claimant’s New York attorney then promptly brought this action.
Additionally, the complete PSP report is based upon a thoroughly documented and photographed investigation performed contemporaneous to the accident. Even if the Town *1007 of Mina had received the notice of claim within the first few days of the accident, it is doubtful they could have conducted as thorough and as objective an investigation as that conducted by professional police accident investigators. Because of their efforts, the claimant can have her day in court without compromising the defendant’s right to a meaningful defense.
Given the unique circumstances of this case, the prompt filing of the notice of claim once claimant had discovered the alleged road defect was in New York, and the lack of actual prejudice to defendant, claimant has met her burden of persuasion and will be permitted to file a late notice of claim. Claimant is directed to submit to an examination pursuant to General Municipal Law § 50-h within 30 days of the entry of this order.