■ STANLEY BRUNSON, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent, et al., Defendant. [42 NYS3d 34]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered July 7, 2014, as denied those branches of his motion which were for leave to serve a late notice of claim or to deem the proposed notice of claim timely served nunc pro tunc, and, in effect, denied the unopposed branch of his motion which was to strike the first affirmative defense asserted by the defendant New York City Health and Hospitals Corporation, and (2) from an order of the same court entered July 31, 2014, which amended the order entered July 7, 2014, by directing the dismissal of the complaint insofar as asserted against the defendant New York City Health and Hospitals Corporation.

Ordered that the order entered July 7, 2014, is reversed insofar as appealed from, on the law and in the exercise of discretion, those branches of the plaintiff's motion which were to deem the proposed notice of claim timely served nunc pro tunc and to strike the first affirmative defense asserted by the defendant New York City Health and Hospitals Corporation are granted, and that branch of the plaintiff's motion which was for leave to serve a late notice of claim is denied as unnecessary; and it is further,

Ordered that the order entered July 31, 2014, is reversed, on the law and in the exercise of discretion; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff was treated in the emergency department of a

hospital operated by the defendant New York City Health and Hospitals Corporation (hereinafter the defendant) for a foot injury, which, about two weeks later, became infected. The plaintiff served a notice of claim on the defendant less than one month after the 90-day period for serving a notice of claim expired (*see* General Municipal Law § 50-e [1] [a]). The defendant acknowledged receipt of the notice of claim, and the plaintiff thereafter testified at a General Municipal Law § 50-h hearing. The plaintiff subsequently filed a summons and complaint alleging, inter alia, that the defendant committed medical malpractice. Thereafter, the plaintiff moved, inter alia, for leave to serve a late notice of claim or to deem the proposed notice of claim timely served nunc pro tunc, and to strike the defendant's first affirmative defense, which asserted that the action was barred by the statute of limitations. The defendant did not oppose the latter branch of the motion. After the motion was marked off the calendar and then restored, the Supreme Court denied those branches of the motion which were for leave to serve a late notice of claim or to deem the proposed notice of claim timely served nunc pro tunc, and, in effect, denied that branch of the motion which was to strike the statute of limitations defense as academic.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing a tort action against a municipal defendant (*see* McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospital Corporation Act § 20 (L 1969, ch 1016, § 1, as amended)]; General Municipal Law § 50-i [1]; *Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606, 609 [2005]; *Plummer v New York City Health & Hosps. Corp.*, 98 NY2d 263, 267 [2002]). However, General Municipal Law § 50-e (5) permits a court to extend the time to serve a notice of claim. In determining whether to grant such an extension, the court must consider various factors, of which the " 'most important' " is "whether the public corporation acquired actual notice of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter" (*Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 777 [2010], quoting *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]; *see* General Municipal Law § 50-e [5]).

Under the circumstances of this case, in which the defendant received a late notice of claim less than one month after the expiration of the 90-day period, which it accepted and with respect to which it conducted an examination pursuant to

General Municipal Law § 50-h, the defendant acquired actual knowledge of the essential facts underlying the claim within a reasonable time after the expiration of the 90-day period (*see Matter of Gershanow v Town of Clarkstown*, 88 AD3d 879, 880 [2011]; *Matter of Ambrico v Lynbrook Union Free School Dist.*, 71 AD3d 762, 763 [2010]; *Matter of Gelish v Dix Hills Water Dist.*, 58 AD3d 841, 842 [2009]; *cf. Matter of Katsiouras v City of New York*, 106 AD3d 916, 918 [2013]; *Mack v City of New York*, 265 AD2d 308, 309 [1999]). This case is distinguishable from *Wally G. v New York City Health & Hosps. Corp. (Metro. Hosp.)* (27 NY3d 672 [2016]), on which the defendant relies, because the plaintiff in the present case does not rely upon the hospital records as having supplied the defendant with actual knowledge of the essential facts of his claim.

The plaintiff also demonstrated that the defendant was not prejudiced, since the defendant became aware of the malpractice claim less than one month after the expiration of the 90-day period, the facts from which the claim arises are preserved in the medical records, and the defendant conducted a General Municipal Law § 50-h examination (*see Matter of Khan v New York City Health & Hosps. Corp.*, 135 AD3d 940, 942 [2016]; *Gibbs v City of New York*, 22 AD3d 717, 719 [2005]). Although the plaintiff did not have a reasonable excuse for his failure to timely serve the notice of claim, the absence of a reasonable excuse for the delay does not bar the granting of the motion for leave to serve a late notice of claim where, as here, there is actual knowledge and an absence of prejudice (*see Matter of St. Paul Guardian Ins. Corp. v Pocatello Fire Dist.*, 90 AD3d 761, 762 [2011]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d at 778).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to deem the proposed notice of claim timely served nunc pro tunc. Further, the unopposed branch of the plaintiff's motion which was to strike the defendant's first affirmative defense should have been granted on the merits, since the action was commenced within one year and 90 days of the happening of the event (*see* General Municipal Law § 50-i [1] [c]). Finally, since the directive in the order entered July 31, 2014, dismissing the plaintiff's complaint insofar as asserted against the defendant was predicated upon the denial of those branches of the plaintiff's motion which were for leave to serve a late notice of claim or to deem the proposed notice of claim timely served nunc pro tunc, that order also must be reversed. Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.