Matter of Rayson v New York City Health & Hosps. Corp. (2018 NY Slip Op 06915)





Matter of Rayson v New York City Health & Hosps. Corp.


2018 NY Slip Op 06915


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-11721
 (Index No. 510521/16)

[*1]In the Matter of Reicland Rayson, etc., appellant,
v
New York City Health and Hospitals Corporation, respondent.


Sanocki Newman & Turret, LLP, New York, NY (David B. Turret of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Kathy C. Park and MacKenzie Fillow of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated September 19, 2016. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The claimant was admitted to Kings County Hospital Center after her family found her suffering a cardiac arrest. Several days later, she suffered another cardiac arrest at the hospital, rendering her mentally incapacitated. Approximately one year later, the claimant's guardian served a notice of claim as well as a petition against the New York City Health and Hospital Corporation (hereinafter NYCHHC), seeking leave to serve a late notice of claim, or to deem the late notice of claim timely served nunc pro tunc. The Supreme Court denied the petition and dismissed the proceeding, and the petitioner appeals.
"Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing a tort action against a municipal defendant" (Brunson v New York City Health & Hosps. Corp., 144 AD3d 854, 855; see General Municipal Law § 50-i[1]). However, General Municipal Law § 50-e(5) permits a court to grant leave to serve a late notice of claim (see Brunson v New York City Health & Hosps. Corp., 144 AD3d at 855).
"In determining whether or not to grant leave to serve a late notice of claim, a court must consider, inter alia, whether [the municipal defendant] acquired actual knowledge of the facts constituting the claim within 90 days after it arose or within a reasonable time thereafter, whether the delay would substantially prejudice [the municipal defendant] in maintaining its defense on the merits, and whether the plaintiff demonstrated a reasonable excuse for the delay" (Gibbs v City of New York, 22 AD3d 717, 719; see General Municipal Law § 50-e[5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535). "The municipality must have notice or knowledge of the specific claim and not merely some general knowledge that a wrong has been committed" (Matter of Placido [*2]v County of Orange, 112 AD3d 722, 723). Contrary to the petitioner's contention, the evidence submitted in support of the petition, which included the claimant's medical records, failed to establish that NYCHHC acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Wally G. v New York City Health & Hosps. Corp., 27 NY3d 672, 676-677; Matter of Godoy v Nassau Health Care Corp., 49 AD3d 541, 542; Cifuentes v New York City Health & Hosps. Corp., 43 AD3d 385, 386). Since the appellant did not acquire actual knowledge of the facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, the petitioner failed to satisfy the initial burden of showing that NYCHHC would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455).
In view of the foregoing, we agree with the Supreme Court's determination denying the petition and dismissing the proceeding.
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court