Matter of Dautaj v City of New York (2022 NY Slip Op 04802)

Matter of Dautaj v City of New York

2022 NY Slip Op 04802

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-06460
 (Index No. 524505/19)

[*1]In the Matter of Ylli Dautaj, appellant,
v
City of New York, respondent.

Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Dominic DiPrisco of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Eric Lee and Zachary S. Shapiro of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated July 17, 2020. The order, insofar as appealed from, in effect, upon reargument, adhered to the original determination in an order of the same court dated January 10, 2020, denying the petition.
ORDERED that the order dated July 17, 2020, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and, upon reargument, the order dated January 10, 2020, is vacated, and thereupon, the petition is granted, and the notice of claim is deemed timely served.
In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in its defense (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461; Williams v Nassau County Med. Ctr., 6 NY3d 531, 539; Matter of Gelish v Dix Hills Water Dist., 58 AD3d 841, 841-842). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). However, whether the public corporation acquired timely, actual knowledge of the essential facts underlying the claim within 90 days after the claim arose or a reasonable time thereafter is a factor which should be accorded great weight in determining whether to grant leave to serve a late notice of claim (see Etienne v City of New York, 189 AD3d 1400, 1401).
Under the circumstances of this case, the Supreme Court, upon reargument, should not have adhered to its prior determination denying the petition for leave to serve a late notice of claim. It was readily inferable from a police accident report, a line-of-duty injury report, and witness statements taken on the day of the subject accident "that a potentially actionable wrong had been [*2]committed by [an employee of] the public corporation" (Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 977 [internal quotation marks omitted]; see Matter of Buono v City of New York, 133 AD2d 685, 686). Thus, the defendant was not prejudiced by the petitioner's delay, which was, in any event, minimal. Accordingly, the court should have granted the petition notwithstanding the lack of a reasonable excuse (see Matter of Gelish v Dix Hills Water Dist., 58 AD3d at 841-842; Matter of Molloy v City of New York, 30 AD3d 603, 604; Matter of Morales v New York City Tr. Auth., 15 AD3d 580, 581; Matter of Urgiles v New York City School Constr. Auth., 283 AD2d 434).
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court