**Cunas v Adams Eur. Contr.**

2023 NY Slip Op 34586(U)

December 21, 2023

Supreme Court, Kings County

Docket Number: Index No. 529047/2022

Judge: Devin P. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**
**County of Kings**

Index Number   **529047/2022**
Seqs. 001, 002

Part  LL1

## DECISION/ORDER

FRANKLIN DAQUILEMA CUNAS,

                    Plaintiff,

     against

ADAMS EUROPEAN CONTRACTING AND NEW YORK
CITY HOUSING AUTHORITY,

                Defendants.

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion

**Papers Numbered**

Notice of Motion and Affidavits Annexed . . . .  1–2
Order to Show Cause and Affidavits Annexed.     
Answering Affidavits . . . . . . . . . . . . . . . . . . . .  2–3
Replying Affidavits . . . . . . . . . . . . . . . . . . . . . .  3
Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    
Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    

Upon the foregoing papers, defendant New York City Housing Authority (NYCHA)'s motion to dismiss (Seq. 001) and plaintiff's cross-motion to serve a late notice of claim or deem the notice of claim served *nunc pro tunc* (Seq. 002) are decided as follows:

**Procedural History and Factual Background**

Plaintiff commenced this action to recover for damages he claims that he sustained on June 2, 2022 when he fell down a flight of steps while painting. On June 23, 2023, plaintiff prepared a notice of claim which named NYCHA, but bore the address of the Office of the Comptroller: 1 Centre Street, New York, NY. NYCHA is a public authority with its own address for service of process: 90 Church Street, New York, NY. Plaintiff hired a process server to deliver the notice of claim to NYCHA at the incorrect address. On June 28, 2023, the process server provided an affidavit of service indicating that the notice of claim was served at 1 Centre Street. In his affidavit, the process server claimed that a clerk, Lisa Green, "reviewed the Notice of Claim against NYCHA and stamped it" (Eric Goldklank Aff. at ¶ 6–7).

1

[* 1]

Plaintiff then served the summons and complaint on all defendants on October 6, 2022. Notably, NYCHA's address on the summons and complaint remained incorrect, again bearing the address of the Office of New York City Comptroller. However, the affidavit of service provided by the process server who delivered the summons and complaint shows that the pleadings were delivered to 90 Church Street, and therefore properly served. The notice of claim was not attached to the summons and complaint. After receiving the summons and complaint, NYCHA filed an answer on October 18, 2022. NYCHA asserted numerous defenses, including that the plaintiff failed to satisfy the statutory predicate of serving a notice of claim prior to commencing an action against a public authority. NYCHA then participated in preliminary and compliance conferences before making this motion on September 12, 2023.

<u>Analysis</u>

Serving a notice of claim on a public authority within 90 days of an accident is a statutory prerequisite to commencing an action against that public authority (Public Authorities Law, § 1200 et seq.; General Municipal Law § 50-e). A public authority does not waive its right to a notice of claim by participating in litigation, and is also not required to affirmatively inform plaintiff about defects with or absence of the notice of claim (*Dorce v United Rentals N. Am., Inc.*, 78 AD3d 1110, 1110 [2d Dept 2010]). Moreover, a public authority is only estopped from seeking dismissal based on the failure to serve a notice of claim "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice" (*Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662 [1976]).

2

[* 2]

The court is mindful of the Second Department's holding in *Ramos v New York City Housing Authority* that the notice requirement is to be construed liberally for the sake of not "[frustrating] the rights of individuals with legitimate claims" (162 AD3d 884, 885 [2d Dept 2018]). Ordinarily the court has broad discretion to grant permission to file a late notice of claim. Here, however, the plaintiff did not serve the notice of claim on NYCHA in the first instance and did not attach it to the summons and complaint. The first time plaintiff provided a copy of the notice of claim to NYCHA was as an exhibit to the instant cross-motion, which was made after the statute of limitations had run. The plaintiff's application is beyond the court's discretion as it was made after the one year and 90-day statute of limitations had accrued (*Ceely v New York City Health and Hospitals Corp.*, 162 AD2d 492 [2d Dept 1990]). Even if the court were within its discretion, plaintiff sending the notice of claim to the wrong address is a law office failure which does not constitute a "reasonable excuse" for failure to serve a notice of claim (*see Baglivi v Town of Southold*, 301 AD2d 597 [2d Dept 2003]). Furthermore, NYCHA did not have actual notice of the claim within 90 days, and the plaintiff's summons and complaint was not served until almost 50 days past the deadline for actual notice (*cf. Ramos*, 162 AD3d at 884 [where two weeks was within the meaning of "a reasonable time thereafter"]). Plaintiff's request to file a late notice of claim is therefore denied (*see Destine v City of New York*, 111 AD3d 629 [2d Dept 2013]).

Plaintiff also requests that the court deem the notice of claim served *nunc pro tunc*. Plaintiff does not claim, and the record does not indicate, that the notice of claim was annexed to the summons and complaints or was otherwise ever served on NYCHA until it was attached to plaintiff's instant cross-motion. Because it was never served, the notice of claim cannot, therefore, be deemed served *nunc pro tunc*.

3

FILED: KINGS COUNTY CLERK 01/05/2024 03:43 PM INDEX NO. 529047/2022.

NYSCEF DOC. NO. 55 RECEIVED NYSCEF: 01/05/2024

**Conclusion**

Plaintiff's cross-motion to serve a late notice of claim or to deem the notice of claim served *nunc pro tunc* (Seq. 002) is denied.

Defendant NYCHA's motion to dismiss (Seq. 001) is granted only as to defendant NYCHA.

This constitutes the decision and order of the court.

___December 21, 2023___
**DATE**

_____
**DEVIN P. COHEN**
Justice of the Supreme Court